972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Allan BRILES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56371.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Allen Briles, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea. Briles pled guilty to possession with intent to distribute marijuana on board a vessel of the United States in violation of 46 U.S.C. § 1903(a). Briles contends that (1) his plea was not knowing and voluntary because he received ineffective assistance of counsel and (2) the government breached his plea agreement. We affirm.
 
 Background
 
 3
 On September 23, 1987, United States Coast Guard officers boarded the "Serenity," a vessel captained by Briles. Officers found marijuana on the vessel and arrested Briles and two crew members, Marisa Luisa Alfurda and Ildebrando Mendoza-Gayo. On October 9, 1987, Briles and co-defendants, Alfurda and Mendoza-Gayo, were charged by a federal grand jury in a three-count indictment. Each co-defendant was charged with possession with intent to distribute marijuana on board a vessel of the United States, in violation of 46 U.S.C. § 1903(a) (count I), attempted importation of marihuana in violation of 18 U.S.C. §§ 7 and 3238, and 21 U.S.C. § 952(a) and 953 (count II), and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count III).
 
 
 4
 On November 19, 1987, Michael Treman, Briles' appointed counsel, filed a motion of joinder in co-defendant Alfruda's motion to suppress the evidence. The motion was never heard as both defendant's subsequently entered plea agreements. On November 24, 1987, Briles pled guilty to count I and the government dismissed counts II and III. In addition, the government agreed to make a Fed.R.Crim.P. 35(b) motion for sentence reduction if Briles provided substantial assistance in the on-going investigation.
 
 
 5
 Prior to sentencing, Briles dismissed his appointed counsel and hired Tom Kontos, a private attorney. At sentencing, on January 12, 1988, Kontos made an oral motion to withdraw the guilty plea because Briles allegedly did not understand the extent of his role in cooperating with the government. The district court denied the motion. Briles received a pre-guidelines sentence of fourteen years imprisonment followed by ten years of supervised release. On August 21, 1991, Briles filed a section 2255 motion alleging that his plea was involuntary because he received ineffective assistance of counsel and the government breached the plea agreement. On August 30, 1991, the district court denied the motion. Briles timely filed a notice of appeal.
 
 I. Standard of Review
 
 6
 We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 7
 II. Guilty Plea/Ineffective Assistance of Counsel
 
 
 8
 Briles contends that his guilty plea was not knowing and voluntary because his counsel withdrew an allegedly meritorious motion suppressing the marijuana evidence. This contention lacks merit.
 
 
 9
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969); United States v. Butcher, 926 F.2d 811, 817 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991). The accused must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Boykin, at 242-43. In assessing the voluntariness of a guilty plea, "solemn declarations" made by a defendant in open court contemporaneously with his plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1987); see also United States v. Mims, 928 F.2d 310, 312-13 (9th Cir.1991) ("[w]e attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas").
 
 
 10
 "A claim of ineffective assistance of counsel may be used to attack the voluntariness and hence the validity of a guilty plea." United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990). To establish such a claim, Briles must show that counsel's conduct fell below an objective standard of attorney competence, and that there is a reasonable probability that in the absence of counsel's unprofessional errors, he would not have pled guilty and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 11
 At the plea hearing, the district court covered all the requirements for entry of a valid guilty plea set forth in Boykin. In addition, Briles stated that he understood by pleading guilty that he waived his right to contest any illegality in the search and seizure of his vessel. He also twice stated that it was in his best interest to plead guilty rather than go to trial. Finally, he stated that he was satisfied with the representation provided by his counsel.[1]
 
 
 12
 Because Briles testimony at the plea hearing was entitled to greater weight than his allegations in his section 2255 motion, the district court did not err by determining that his plea was voluntary, see Mims, 928 F.2d at 313; Chizen, 809 F.2d at 562, and that he was provided with effective assistance of counsel, see Hill, 474 U.S. at 58; Donagiere, 914 F.2d at 168.[2]
 
 III. Plea Agreement
 
 13
 Briles also contends that the government breached the plea agreement by promising to make a motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b) (1986) if he provided substantial assistance, although this was not authorized by Rule 35.[3] We disagree.
 
 
 14
 " 'Plea agreements are subject to contract-law standards of interpretation.' " United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1991) (per curiam) (quoting United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.), cert. denied, 479 U.S. 819 (1986)). "To determine whether a plea agreement is violated, ... [we] must look to what the parties 'reasonably understood to be the terms of the agreement.' " Keller, 902 F.2d at 1393 (quoting United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986)).
 
 
 15
 Here, Briles pled guilty to count one of the indictment in exchange for the government's dismissal of the remaining counts. Pursuant to the plea agreement, the government agreed to recommend a sentence reduction under the 1987 version of Rule 35(b) for substantial assistance instead of the 1986 version of Rule 35(b), which was in effect at the time of Briles' sentencing. Nonetheless, the government's erroneous reliance on the 1986 version did not violate the plea agreement. The 1986 version did not specifically preclude the government from filing a motion for sentence reduction if Briles had provided substantial assistance. See Fed.R.Crim.P. 35(b) (1986). Moreover, if Briles had fully cooperated, the government would have been bound by its promise to recommend a sentence reduction, see Santobello v. New York, 404 U.S. 257, 262 (1971), or Briles could have withdrawn his guilty plea, see Fernandez, 960 F.2d at 773. Therefore, the district court did not err by concluding that the plea agreement had not been violated. See Keller, 902 F.2d at 1393.[4]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During the plea hearing, the following colloquy took place:
 THE COURT: Is he [Briles] pleading guilty because of any illegally obtained evidence in the possession of the government?
 MR. TREMAN [defense counsel]: We are pleading guilty because of the evidence in the possession of the government. I don't know whether or not it is illegally obtained or not. Mr. Briles and I believe it is not in his best interest not to contest that issue and therefore we are withdrawing our joinder in those motions.
 THE COURT: All right. Do you understand that, Mr. Briles, that you are now waiving any possibility of any illegality in the search and seizure of your vessel and the contraband that was barred [sic] the vessel. Do you understand that?
 THE DEFENDANT: Yes, Sir.
 THE COURT: Is it your desire to do that by your plea of guilty?
 THE DEFENDANT: Yes, Sir.
 * * *
 THE COURT: After your own investigation of the matter and consultation with you client do you feel it is in the best interest of your client to plead guilty to count one of this indictment rather than to go to trial in this matter?
 THE DEFENDANT: Yes.
 THE COURT: Mr. Briles, do you feel have you had sufficient time to discuss this matter thoroughly with Mr. Treman before entering your plea of guilty this morning?
 THE DEFENDANT: Yes, Sir.
 THE COURT: Are you satisfied with the representation of Mr. Treman in this matter?
 THE DEFENDANT: Yes, Sir.
 THE COURT: After talking to Mr. Treman and your own knowledge of the facts of this case, do you feel it is in your best interest to plead guilty to count one of this indictment rather than to go to trial in this matter?
 THE DEFENDANT: Yes.
 (RT 11/24/87 at 15-16).
 
 
 [2]
 Briles also contends that he received ineffective assistance of counsel because his attorney failed to (1) independently file any pretrial motions and (2) advise him that he could enter a conditional guilty plea pursuant to Fed.R.Crim.P. 11(e), thus reserving his right to challenge a possible adverse ruling on the suppression motion. We disagree. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Accordingly, Briles' contentions lack merit
 
 
 [3]
 The 1986 version of Rule 35(b) provides in relevant part:
 "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed...." 18 U.S.C. § 35(b) (1986).
 Rule 35 was revised effective November 1, 1987, see Sentencing Reform Act of 1987, Pub.L. No. 100-182, § 2(a), 101 Stat. 1266, 1266. The prior version, which governs this case applies to sentences for crimes committed before November 1, 1987. Id. § 22, 101 Stat. at 1271.
 The 1987 version of Rule 35(b) provides in relevant part: "[t]he court, on a motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance...." 18 U.S.C. § 35(b) (1987).
 
 
 [4]
 Briles also appears to contend that because he "reneged" on his promise to cooperate fully with the prosecution that the plea agreement was void. This contention is meritless and does not warrant further discussion