**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chris D. SIMMS, Defendant–Appellant.**

No. 03–3740.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Gary D. Arbeznik, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

John S. Pyle, Gold, Schwartz & Company, Cleveland, OH, for Defendant–Appellant.

Chris D. Simms, #23829–112, Bradford, PA, pro se.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Chris D. Simms appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Simms pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 841, and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Before sentencing, however, Simms changed his mind, moved to withdraw his guilty plea, and requested the appointment of new counsel. The district court granted Simms leave to withdraw his guilty plea and appointed substitute counsel to represent Simms.

On the eve of trial, Simms informed the district court that he again wished to plead guilty. This time, Simms agreed with the government that he would be bound by a precise term of imprisonment. The district court conducted a second guilty plea colloquy, accepted Simms's guilty plea, and ordered the preparation of a presentence report. At sentencing, Simms again moved to discharge his attorney and to have a third attorney represent him so that he could consider whether or not it might be appropriate to seek to withdraw his guilty plea. The district court discharged Simms's second attorney, appoint-

ed yet another attorney, and gave Simms a substantial amount of time to consider his position.

Finally, with the assistance of his third attorney, Simms confirmed to the district court that his decision to plead guilty was made knowingly, intelligently, and voluntarily. More importantly, Simms reconfirmed his commitment to the guilty plea that provided for a precise term of imprisonment. The district court sentenced Simms to the specific term of ten years of imprisonment.

On appeal, Simms's appellate counsel moves to withdraw. Counsel has filed a "no merit" brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Simms has filed with the court a letter in which he asks that appellate counsel be discharged and that substitute appellate counsel be appointed to represent him.

We hereby grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred by not informing Simms that the latter had no right to appeal the agreed sentence.

Our review of the record reveals that Simms pleaded guilty knowingly, intelligently, and voluntarily. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,*

400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Simms entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Simms entered his guilty plea knowingly and voluntarily. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, is acting voluntarily and with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that there is a factual basis for believing the defendant guilty of the crime charged. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the guilty plea hearing, the district court very carefully reviewed with Simms the rights he was waiving and the maximum penalties he faced under the applicable statute. The district court read the charges and explained the consequences of Simms's plea in terms of the possible length of sentence. Simms told the district court that he understood the charge and the consequences of his plea. Simms stated that he understood the rights he was waiving and acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses. Thus, the court met the requirements of Fed.R.Crim.P. 11, and the record reveals that Simms pleaded guilty knowingly, intelligently, and voluntarily.

The district court properly sentenced Simms. Once a district court accepts a plea agreement where—as here—the parties agreed on "a specific sentence or sentencing range," the district court is bound by the parties' plea agreement. Fed. R.Crim. P. 11(c)(1)(C). That is, once the court accepts such a plea agreement, it cannot impose a sentence greater or less severe than what is in the plea agreement.

See *United States v. Fernandez,* 960 F.2d 771, 773 (9th Cir.1992). The district court sentenced Simms to the specific term of imprisonment for which he bargained.

Moreover, Simms waived his right to appeal his sentence when he executed his plea agreement. Simms agreed therein to a specific term of imprisonment. The district court went to great lengths to ascertain Simms's understanding of the agreement. As the agreement was entered into knowingly and voluntarily, Simms waived his right to appeal his sentence.

To the extent that Simms contends that the district court erred by not advising him that he had no right to appeal the agreed sentence, his contention is belied by the record. At the sentencing hearing, the district court very plainly informed Simms that while he still enjoyed some appellate rights, his right to challenge his sentence was extremely limited in light of his plea agreement.

We have further examined the record in this case, including the transcripts of Simms's guilty plea hearing and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We deny Simms's motion for the appointment of new appellate counsel.