24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Respondent-Appellee,
v.
Terence Albert NOLAN, Petitioner-Appellant.
 No. 93-35311.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terence Albert Nolan, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Nolan was convicted of making false statements, in violation of 18 U.S.C. Sec. 1001. Nolan contends that: (1) he was denied due process because the district court failed to conduct a hearing on the issue of whether Nolan breached a prior plea agreement; (2) the district court erred in calculating Nolan's sentence under the United States Sentencing Guidelines; (3) he was denied the effective assistance of counsel; and (4) the district court erred in denying his Sec. 2255 motion without holding an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 Background
 
 3
 In a prior criminal proceeding (Case No. CR-88-189C), Nolan pleaded guilty to a charge of conspiracy to import marijuana in excess of 1,000 kilograms into the United States. Nolan pleaded guilty pursuant to the terms of a plea agreement, which required him to "cooperate with the United States by providing truthful and complete information to the United States investigators." In exchange, Nolan received a term of five years imprisonment under pre-Guidelines law, the dismissal of the remaining counts from the indictment, and the government's promise not to prosecute Nolan for further related charges unless he breached the plea agreement.
 
 
 4
 On October 19, 1988, Nolan testified before a grand jury pursuant to the plea agreement. On October 25, 1988, Nolan met with government investigators and was "debriefed." On December 30, 1988, Nolan met again with government investigators. On all three occasions Nolan repeatedly denied that he received any bonuses for his involvement in the marijuana conspiracy, refused to identify bank accounts and stock purchases, and failed to disclose that one of his primary responsibilities was transforming cash for his superiors. At the end of the December debriefing session, the government confronted Nolan with a codefendant's conflicting testimony, which indicated that Nolan had received substantial monetary bonuses. Nolan conceded that his codefendant's testimony was correct and that some of Nolan's earlier statements were false.
 
 
 5
 Subsequently, the government entered into plea negotiations with Nolan through his counsel. As a result, the parties entered a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C) on July 7, 1989. The government agreed not to void the original plea agreement or seek a new sentence under the Guidelines against Nolan. In exchange, Nolan agreed to plead guilty to one count of making a false statement during the October 25, 1988 debriefing. The parties agreed that the appropriate sentence for the false statement charge would be a three-year term of imprisonment which would run consecutive to the earlier five-year term for conspiracy. On December 15, 1989, the district court accepted the plea agreement and sentenced Nolan to a term of three years.
 
 Due Process
 
 6
 Nolan contends that the district court violated his due process rights by failing to conduct a hearing to determine whether Nolan had breached his prior plea agreement. This contention lacks merit because the prior plea agreement involved the conspiracy charges in Case No. CR-88-189C rather than the false statement charge in Case No. CR-89-175C. The two cases are related because the false statement charge arose out of Nolan's failure to comply with the terms of the plea agreement in the conspiracy case. However, Nolan is not entitled to a hearing in this case on the breach of the plea agreement in the earlier case. Moreover, the government never rescinded the plea agreement in Case No. CR-88-189C. Accordingly, the district court did not err in failing to conduct a hearing on the breach of the prior plea agreement.
 
 Sentence
 
 7
 Nolan contends that the district court erred in calculating his sentence under the Guidelines, both in determining his base offense level and in departing upwards from this level. This contention lacks merit because Nolan agreed to a specific sentence under Fed.R.Crim.P. 11(e)(1)(C).
 
 
 8
 Generally, where a district court accepts a plea agreement made pursuant to Fed.R.Crim.P. 11(e)(1)(C), the court may not impose a sentence which is greater or less severe than that agreed upon. United States v. Fernandez, 960 F.2d 771, 773 (9th Cir.1992) (per curiam); see United States v. Semler, 883 F.2d 832, 833 (9th Cir.1989) (explaining that Fed.R.Crim.P. 11(e)(3) prohibits court from sentencing a defendant to a sentence less severe than that provided for in accepted plea agreement). Absent exceptional circumstances, such as where the sentence is plainly unjust or unfair, the district court must impose the stipulated sentence. Fernandez, 960 F.2d at 773; Semler, 883 F.2d at 835.
 
 
 9
 Here, the district court was required to impose the stipulated sentence of three years imprisonment since the parties entered a plea agreement under Fed.R.Crim.P. 11(e)(1)(C). See Fernandez, 960 F.2d at 773. Nolan has failed to demonstrate that his case is exceptional by any showing of a plainly unjust or unfair sentence. See Semler, 883 F.2d at 835-36. Nolan received a highly advantageous deal by agreeing to a term of three years on the one count of making a false statement in exchange for the government's agreement to neither rescind the prior plea agreement nor prosecute Nolan for further charges. Accordingly, since the district court properly sentenced Nolan pursuant to the terms of the Rule 11(e)(1)(C) plea agreement, Nolan may not challenge the "calculation" of his sentence under the Guidelines. See Fernandez, 960 F.2d at 773.
 
 Ineffective Assistance of Counsel
 
 10
 Nolan contends that his attorney was ineffective on several grounds. This contention lacks merit.
 
 
 11
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
 
 
 12
 Second, the defendant must show that counsel's deficient performance prejudiced the defendant. Id. at 694. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id.
 
 
 13
 The two-part test of Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) (holding that defendant failed to show he would have insisted on going to trial because defendant neither denied his acts nor suggested pleading not guilty). "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59.
 
 
 14
 Here, Nolan contends that his attorney was ineffective for advising him to plead guilty without advising him of defenses to the breach of the prior plea agreement in Case No. CR-88-189C. This contention lacks merit because Nolan fails to meet either prong of the Strickland test. First, Nolan has not shown that his attorney acted unreasonably. See Strickland, 466 U.S. at 687-88. Nolan's attorney advised him to plead guilty to one count of making false statements rather than risk the possible rescission of the prior plea agreement and face further false statement charges. If the government had rescinded the prior plea agreement, Nolan would have been subject to a much harsher sentence under the Guidelines. Nolan's attorney made a strategic choice in advising Nolan to plead guilty to the one count of making false statements rather than risk more severe penalties. See Strickland, 466 U.S. at 699 (counsel's strategic choice well within the range of professionally reasonable judgments).[1]
 
 
 15
 Second, Nolan has not shown prejudice because he has failed to allege that but for his attorney's advice Nolan would have insisted on going to trial on the false statement charge. See Hill, 474 U.S. at 59. Nolan has admitted that he made false statements to the government. See Keller, 902 F.2d at 1394. Moreover, Nolan has not demonstrated that the sentence he received for the false statement charge was fundamentally unfair. See Fretwell, 113 S.Ct. at 844. If Nolan had insisted on going to trial, he would have been exposed to harsher penalties arising out of the breach of the prior plea agreement and further charges, in addition to the one false statement charge. Accordingly, Nolan has not shown that his attorney was ineffective for failing to advise him of defenses to the breach of the prior plea agreement. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 687-88.[2]
 
 
 16
 Nolan also contends that his attorney was ineffective for advising Nolan to accept the plea because the stipulated sentence exceeded the Guidelines. This contention lacks merit because Nolan has not demonstrated prejudice. See Strickland, 466 U.S. at 694. Nolan has failed to show that he could have received a more favorable sentence if he had insisted on going to trial. See Hill, 474 U.S. at 59. Furthermore, Nolan's attorney advised him to accept the stipulated sentence in exchange for the government's promise not to pursue further penalties against Nolan. Accordingly, Nolan has not shown prejudice because he has failed to demonstrate that he would have received a more favorable sentence but for his attorney's advice. See Hill, 474 U.S. at 59-60; Keller, 902 F.2d at 1394-95.
 
 
 17
 Finally, Nolan contends that his attorney was ineffective for failing to object to the presentence report or offer mitigating evidence at the sentencing hearing. This contention lacks merit because Nolan has failed to demonstrate prejudice. See Strickland, 466 U.S. at 694. Nolan's plea agreement under Fed.R.Crim.P. 11(e)(1)(C) precluded him from challenging his stipulated sentence. See Semler, 883 F.2d at 833. Accordingly, Nolan has not demonstrated that his attorney was ineffective for failing to object to the presentence report or present mitigating evidence at the sentencing hearing. See Strickland, 466 U.S. at 694; Semler, 883 F.2d at 833.
 
 Evidentiary Hearing
 
 18
 Nolan contends that the district court erred in denying his Sec. 2255 motion without an evidentiary hearing. This contention lacks merit. To warrant an evidentiary hearing on a Sec. 2255 motion, the movant must "make specific factual allegations which, if true, would entitle him to relief." Keller, 902 F.2d at 1395. Here, Nolan has failed to allege any facts which would entitle him to relief. Accordingly, the district court did not err in denying Nolan's Sec. 2255 motion without an evidentiary hearing. See id.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if the government had attempted to rescind the plea agreement in Case No. CR-88-189C, Nolan has failed to show that he could have successfully defended against the breach of the plea agreement. See Keller, 902 F.2d at 1395 (explaining that resolution of prejudice prong based on failure to advise defendant of potential defense depends largely on whether defense likely would have succeeded at trial). Nolan argues that no material breach occurred because he merely misled the government as to the scope of his proceeds and assets. However, the plea agreement clearly provided that Nolan "agrees to provide to the United States and to the Presentence Investigator, a complete and truthful accounting of his assets and liabilities." It is unlikely that Nolan could have successfully defended against a breach of the plea agreement, given that Nolan failed to comply with an explicit term of the agreement
 In addition, Nolan's contention that he corrected his prior misstatements is without merit because Nolan only admitted making false statements after he was confronted with the conflicting testimony of a codefendant. Finally, Nolan has not shown that he would have likely succeeded on either a waiver or an estoppel theory. The government did not immediately rescind the plea agreement because it engaged in plea negotiations with Nolan's attorney. Accordingly, Nolan has failed to demonstrate likely success in defending against the breach of the prior plea agreement. See id.
 
 
 [2]
 In a related argument, Nolan argues that his attorney was ineffective for failing to protect his due process right to a hearing on the breach of a prior plea agreement. Since Nolan failed to show that he would have likely succeeded in challenging the breach of the prior plea agreement, this argument lacks merit. See Hill, 474 U.S. at 59. Moreover, Nolan is not entitled to a hearing in Case No. CR-89-175C on the breach of the plea agreement in Case No. CR-88-189C