UNITED STATES of America,
Plaintiff-Appellee,

v.

John Edward STEVENS,
Defendant-Appellant.

No. 76–2564.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1977.

Certiorari Denied April 18, 1977.
See 97 S.Ct. 1666.

Samuel G. Jackson, Jr., Deputy Federal Public Defender (argued), James R. Dunn, Nicholas R. Allis, Los Angeles, Cal., for defendant-appellant.

John P. Newman, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and HUFSTEDLER, Circuit Judges.

OPINION

HUFSTEDLER, Circuit Judge:

This appeal challenges the trial court's correction of an error in the sentencing of defendant Stevens. We affirm on the ground that a timely correction of an illegally imposed sentence was accomplished. (Fed.R.Crim.P. 35.)

Stevens was charged with three bank robberies in districts outside the Central District of California, and these cases were transferred to that district pursuant to Rule 20 (Fed.R.Crim.P. 20) for plea and

sentencing. The plea bargain struck was an agreement that, among other things, a set of concurrent 10-year sentences would be the appropriate disposition.[1] (*See* Fed.R. Crim.P. 11(e)(1)(C).) During the Rule 11 proceedings, defense counsel brought to the court's attention that Stevens understood the agreement to be concurrent sentences of up to 10 years while counsel understood it to be concurrent straight 10-year sentences. The judge inquired into this matter, and Stevens was informed that under the terms of the agreement the court would not be able to exercise discretion to set the terms at less than 10 years.[2] Stevens declined to reject the agreement as clarified, and the court accepted the plea agreement. When sentence was pronounced, however, the judge stated that the sentences were for two years. The written judgment and commitment conformed to the oral sentence, also stating two-year terms.[3] One week later there was a reappearance to correct the error. The judge stated that its purpose was to correct "a clerical error in the typing of the judgment." The prosecutor stated that Rule 35 was the appropriate rule under which to correct the sentence. At Stevens' request, the matter was continued to permit further negotiations with prosecutors in the transferor districts. After another week, a second appearance was held. The judge was informed that the transferor districts were "not willing to accept the defendant's backing out of that Rule 11(c) sentence," and that Stevens did not wish to withdraw his plea. The judge then corrected the sentence to concurrent 10-year terms.[4] Stevens appeals from this

---

1. The agreement included a reduction in the severity of offense and commitments not to prosecute a fourth bank robbery and an escape from confinement.

2. At the first hearing the following transpired:
   "THE COURT: What is the difference that you perceive in a ten-year sentence or a maximum of ten years?
   THE DEFENDANT: What do I feel the difference is?
   THE COURT: Yes.
   THE DEFENDANT: Well, I felt the difference was that you would sentence me and if it was a set mandatory ten-year sentence, that's what I would receive and I thought that if it was a maximum of ten years that you would—it would be up to your discretion to sentence me up to ten years.
   THE COURT: Oh, no. If I am going to exercise any discretion, I am not going to accept the plea bargain. You know, the likelihood would be with four bank robberies I would give you a minimum of 17.
   THE DEFENDANT: That was the discrepancy.
   THE COURT: Well, if you want the Court to exercise discretion, the Court will exercise discretion and not be bound by any plea bargain.
   THE DEFENDANT: No, I do not.
   THE COURT: Well, I want to make sure that you are entering these pleas freely and voluntarily and that I am not frightening you into anything. I am just stating a fact to you.
   If I am going to exercise discretion, I exercise discretion freely and voluntarily myself, not bound by any plea bargain between your attorney and the Government. Do you understand that?
   THE DEFENDANT: Yes, sir.
   THE COURT: All right. You are willing to accept the ten years now?
   THE DEFENDANT: Yes, sir.
   THE COURT: And nothing less?
   THE DEFENDANT: Yes, sir.
   THE COURT: Why?
   THE DEFENDANT: Because that has been the agreement.
   THE COURT: All right. Does that clarify everything, Mr. Allis [defense counsel] and Mr. Newman [the prosecutor]?
   MR. NEWMAN: Yes, your Honor.
   MR. ALLIS: Yes, I believe so."

3. Because there was no discrepancy between the oral sentence and the written judgment and commitment, cases involving motions to conform the written documents to the oral statement are inapposite. *See, e. g., United States v. Marquez* (2d Cir. 1974) 506 F.2d 620; *United States v. Munoz-Dela Rosa* (9th Cir. 1974) 495 F.2d 253; *United States v. Hicks* (9th Cir. 1972) 455 F.2d 329, 330; *United States v. Mason* (10th Cir. 1971) 440 F.2d 1293; *Kennedy v. Reid* (1957) 101 U.S.App.D.C. 400, 249 F.2d 492.

   There was also no ambiguity in either the oral or written sentences, and cases involving ambiguous statements are therefore distinguishable. *See, e. g., United States v. Solomon* (7th Cir. 1972) 468 F.2d 848, 852; *Borum v. United States* (1967) 133 U.S.App.D.C. 147, 409 F.2d 433; *Fitzgerald v. United States* (5th Cir. 1961) 296 F.2d 37; *Gilliam v. United States* (1959) 106 U.S.App.D.C. 103, 269 F.2d 770.

4. Stevens was sentenced under 18 U.S.C. § 5010(c) of the Youth Corrections Act ("YCA"). On appeal he argues that a sentence in excess of six years under the YCA is invalid. This argument is frivolous because § 5010(c) authorizes a sentence for "any further period [beyond six years] that may be authorized by law for the offense or offenses of which [a

sentence claiming it was improper to correct the sentence to increase it to ten years.

■ We hold that the action taken by the judge was a valid correction of an illegally imposed sentence under Rule 35. Rule 36 [5] does not apply because there was no "clerical" mistake; the judge said "two," when he meant to say "ten." [6] The mistake comes squarely within Rule 35. (*See Nicholson v. United States* (9th Cir. 1962) 303 F.2d 161, 163; 8A Moore's Federal Practice (2d ed. 1976) ¶ 36.02.) The 1975 amendments to Rule 11 were intended to preclude the exercise of discretion in a Rule 11(e)(1)(C) situation.

"If the plea agreement is accepted, Rule 11(e)(3) provides that the court must inform the defendant that it will incorporate in the judgment and sentence the disposition provided for in the plea agreement. An earlier version of this rule would have allowed the court to unilaterally substitute a disposition more favorable to the defendant. The rule, as enacted by Congress, eliminated this judicial discretion. Under the amended rule as it reads, effective December 1, 1975, a judge may either accept or reject the plea. Under the Supreme Court version, a third option would have existed—that of substituting a more favorable sentence." (8 Moore's Federal Practice (2d ed. 1976) ¶ 11.05[2], at 11–90. *See also id.* at n. 11.)

The court was without authority both to accept the plea agreement and to impose concurrent two-year terms. The two-year sentences could have been validly imposed for bank robbery offenses absent the Rule 11 procedures and the plea agreement. The "sentence [was] imposed in an illegal manner;" it was not an "illegal sentence." [7] It could therefore be corrected within the time limits expressed in Rule 35. The prompt proceedings in this case satisfied those requirements.

■ Correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the correction increases the punishment, [8] and the fact that Stevens

---

defendant] stands convicted" provided that, as was done here, the court finds that the offender "may not be able to derive maximum benefit from treatment" within six years.

**5.** Fed.R.Crim.P. 36:
"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

**6.** Rule 36, however, is also available to correct "errors in the record arising from oversight." The oversight here was committed by the court rather than by clerical personnel, and *it is unclear whether a court's oversight is remediable. Compare* 2 Wright, Federal Practice and Procedure—Criminal (1969) § 611 ("An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]." (footnote omitted) (*citing Nicholson v. United States* (9th Cir. 1962) 303 F.2d 161, 163)) *with* 8A Moore's Federal Practice (2d ed. 1976) ¶ 36.02, at 36–2 ("Errors arising from oversight or omission, . . ., generally require correction to conform to the *then intention* of the court or parties which may not be reflected in their recorded statements." (footnotes omitted) (emphasis in original)). We need not resolve this issue for the action taken here fits squarely within Rule 35. (*Contrast with United States v. Stapleton* (9th Cir. 1974) 494 F.2d 1269 (after deci-

sion and before sentencing suit reopened to formally admit documents that parties and court treated as if already in evidence).)

**7.** This facet distinguishes *Stevens* from cases where the original sentence or a portion of it was valid when imposed. *See, e. g., United States v. Turner* (7th Cir. 1975) 518 F.2d 14; *United States v. Evans* (1972) 148 U.S.App.D.C. 110, 459 F.2d 1134; *Kennedy v. United States* (9th Cir. 1964) 330 F.2d 26 (excessive sentence void only as to amount of excess, part authorized was valid). Although the original sentence here was voidable, *United States v. Kenyon* (9th Cir. 1975) 519 F.2d 1229, 1232, it was not valid in the *Kennedy* sense.

**8.** The record is unclear whether the defective sentence was vacated at the second session. In any event, it makes no difference whether Stevens was resentenced or whether his sentence was merely corrected, because in either case there was no double jeopardy violation. (*Compare United States v. Munoz-Dela Rosa* (9th Cir. 1974) 495 F.2d 253 (no issue of double jeopardy when sentence corrected) *with United States v. Kenyon* (9th Cir. 1975) 519 F.2d 1229 (no violation of double jeopardy when illegal sentence increased to minimum needed to be valid). *See also United States v. Mack* (9th Cir. 1974) 494 F.2d 1204.)

Although *Bozza v. United States* (1947) 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 and other

had commenced serving the defective sentence is irrelevant. (*United States v. Munoz-Dela Rosa* (9th Cir. 1974) 495 F.2d 253; *cf. Bozza v. United States* (1947) 330 U.S. 160, 166–67, 67 S.Ct. 645, 91 L.Ed. 818; *United States v. Mack* (9th Cir. 1974) 494 F.2d 1204, 1207.) The manner in which the district court corrected the sentence was valid. Stevens and his counsel were personally present throughout the proceedings.[9] (*United States v. Mack, supra* at 1208; *Caille v. United States* (5th Cir. 1973) 487 F.2d 614.)

AFFIRMED.

cases speak of situations involving an illegal sentence, extension of the *Bozza* rationale to situations involving a sentence imposed in an illegal manner is warranted. *Bozza* was decided prior to the creation of the category for sentences imposed in an illegal manner. This category was created in amendments to Rule 35 intended to change the result in *Hill v. United States* (1962) 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 where the then Rule 35 was held to be inapplicable to correct a sentence imposed without granting the defendant the right of allocution.

9. Although the record is also not clear whether the court or the prosecutor initiated the correction, that fact is irrelevant under Rule 35.

Also, because the court had a proceeding valid under Rule 35 it is of no moment whether the court denominated it a correction of clerical error. (Fed.R.Crim.P. 2 ("These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."). *See generally* Fed.R.Crim.P. 57(b).) Even were we willing to assume that the court "did the right thing for the wrong reason," we would still be bound to affirm based on any grounds which validate the lower court's result. (*Cf.* C. Wright, Law of Federal Courts (2d ed. 1970) § 104, at 468.)