UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald H. SEMLER,
Defendant–Appellant.

No. 88–5389.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1989.

Decided Aug. 30, 1989.

Jason D. Kogan, Bird, Marella, Boxer, Wolpert & Matz, P.C., Los Angeles, Cal., for defendant-appellant.

James L. Sanders, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, NELSON and KOZINSKI, Circuit Judges.

FLETCHER, Circuit Judge:

Ronald Semler was sentenced to three years in custody pursuant to a Fed.R. Crim.P. 11(e)(1)(C) plea agreement. He now appeals the district court's denial of his Fed.R.Crim.P. 35(b) motion to reduce his sentence. We affirm.

I

Semler entered into a plea agreement with the government on February 10, 1988. Semler agreed to plead guilty to conspiracy to impede the IRS, making false statements, and violations of the export laws. The government, in turn, agreed to dismiss two indictments against Semler. Semler and the government also agreed that Semler would receive a total of "three years in custody" and be subject to a fine in the court's discretion.

On February 10, the district court accepted the plea agreement and sentenced Semler to three years and imposed a fine of $40,000.

On June 7, 1988, Semler filed a motion to modify his sentence pursuant to Rule 35(b). Semler asked the court to release him on probation, so that he could fund, develop and supervise a community service program for the benefit of disadvantaged children. On November 7, 1988, the district court denied Semler's Rule 35 motion, explaining that "[t]his court's acceptance of the binding Rule 11(e)(1)(C) plea agreement in this case precludes this court from reducing the defendant's sentence pursuant to Fed.R.Crim.P. 35(b)." We have jurisdiction pursuant to 28 U.S.C. § 1291. Since the issue on appeal is purely one of law, the standard of review is de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc).

II

Semler's offenses were committed prior to November 1, 1987. The version of Rule 35(b) which applies to offenses committed

prior to November 1, 1987 states that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed.... Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.[1]

Rule 11(e)(1)(C) states that "[t]he attorney for the government and the attorney for the defendant or the defendant when acting pro se may ... agree that a specific sentence is the appropriate disposition of the case." Rule 11(e)(3) states that "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

Rule 11(e)(3) prohibits a district court from sentencing a defendant to a sentence less severe than that provided for in the plea agreement accepted by the court. It is true that the Advisory Committee's Notes state that "[s]ubdivision (e)(3) makes it mandatory, if the court decides to accept the plea agreement, that it inform the defendant that it will embody in the judgment and sentence the disposition provided in the plea agreement, *or one more favorable to the defendant*," Notes of the Advisory Committee on the 1974 Amendment to Rule 11 (emphasis added). The actual text of 11(e)(3), however, states only that the district court must inform the defendant that it will embody in the sentence the disposition provided in the plea agreement.

The legislative history of 11(e)(3) shows that Congress wished to preclude a district court from accepting a plea agreement which provides for a specific sentence and then imposing a more lenient sentence than that provided for in the plea agreement. The version of 11(e)(3) proposed by the Supreme Court in 1974 stated that "the court shall inform the defendant that it will embody in the ... sentence the disposition

1. The version of Rule 35(b) which applies to crimes committed after November 1, 1987 states that "[t]he court, on motion of the Government, may within one year after the imposition of a

sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense."

provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement." The House Judiciary Committee then deleted the language "or another disposition more favorable to the defendant than that provided for in the plea agreement," and the House affirmed the committee's action by rejecting on the floor an amendment offered to restore the Supreme Court's version of the rule. The Senate accepted the House's version of the rule. *See* 121 Cong.Rec. 23322 (July 17, 1975) (discussion of legislative history of the rule).

By deleting the Supreme Court's "more favorable to the defendant" language, Congress evidenced its intent to require a district court to sentence a defendant in accordance with the plea agreement. *See United States v. Chatman*, 869 F.2d 525, 527–28 (9th Cir.1989) (relying on the language of provisions *rejected* by Congress in determining Congress' intent in enacting the Armed Career Criminal Act); *see also United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir.1977) (concluding that a district court sentenced "in an illegal manner" where the district court imposed two year sentences even though the plea agreement accepted by the court provided for ten year sentences).

Since Congress intended to prohibit district courts from sentencing defendants to sentences less severe than those provided for in accepted plea agreements, it seems reasonable to assume that Congress also intended to prohibit district courts from using Rule 35(b) *after sentencing* to reduce sentences imposed in accordance with accepted plea agreements. Congress apparently deleted the "more favorable to the defendant" language in the Supreme Court's version of Rule 11(e)(3) because it thought it unfair for a district court to require the government to abide by all of its obligations under a plea agreement while unilaterally reducing the defendant's obligations under that agreement. As the co-floor manager of the Senate bill, Senator McClellan, explained:

The amendment under consideration makes no change in the House provision.

If the court is not satisfied as to the disposition contained in the plea agreement, it should reject the agreement and require the parties either to renegotiate or to go to trial on the original charge. Otherwise, the rule would have the effect of requiring the Government to abide by its end of a plea bargain—for example, an agreement to drop multiple counts in exchange for a plea of guilty to a single count with an agreement as to sentence—while permitting later alteration of the bargain only in the defendant's favor.

121 Cong.Rec. 23322 (July 17, 1975). A district court which unilaterally reduces the sentence provided for in an accepted plea agreement deprives the prosecutor of the "benefit of his bargain," whether or not the reduction occurs at the time of the initial sentencing or later.

The plain language of Rule 35(b), however, supports Semler's contention that a district court may reduce a sentence provided for in an accepted plea agreement *after* the initial sentencing. *See United States v. McDowell Contractors, Inc.*, 668 F.2d 256, 257 (6th Cir.1982) (per curiam) ("The government appeals this reduction of the sentence, arguing not unpersuasively that the legislative history of Rule 11(e)(1)(C) shows that Congress intended to deny district courts the authority to lessen sentences agreed on in a plea bargain that the district court has accepted. McDowell rejoins, also not unpersuasively, that such a reading of Rule 11 would curtail improperly the broad discretionary authority granted to federal trial courts by Rule 35(b). Although appellate courts may one day be required to harmonize these two rules, this court need not do so now, for the issue has not been preserved for appellate consideration"). The version of Rule 35(b) which applies in this case does not include any limitations on the types of cases in which a district court has the authority to reduce a sentence; moreover, the Advisory Committee Notes to the 1983 amendment states that "the underlying objective of Rule 35 ... is to 'give *every convicted defendant* a second round before the sen-

tencing judge, and [afford] the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim.' " (emphasis added, citation omitted).

■ The goal of Rule 35(b)—to ensure that the sentence is reasonable and just in light of information that becomes available in the months immediately following sentencing—makes as much sense in the context of Rule 11(e)(1)(C) plea bargain cases as it does in the context of other cases. One can imagine cases where the sentence provided for in the plea agreement seems reasonable at the time of sentencing, but later seems grossly excessive. Since the initial sentence was the product of bargaining between the government and the defendant, the court ideally should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial. However, since nothing in the rules permits the district court to *withdraw* its acceptance of a plea after sentencing, the only way the district court can "reject" a Rule 11(e)(1)(C) sentence after sentencing is to reduce the sentence unilaterally pursuant to Rule 35(b).

■ We conclude that a district court has the authority under the old version of Rule 35(b) applicable to this case to reduce a sentence entered pursuant to a Rule 11(e)(1)(C) agreement in exceptional cases. The government's view that Rule 35(b) never permits the reduction of a sentence entered pursuant to a Rule 11(e)(1)(C) agreement is plainly inconsistent with the broad language and purpose of Rule 35(b) and is not directly mandated by Rule 11. *See, e.g., Anderson v. United States,* 803 F.2d 1520, 1523 (9th Cir.1986) (citation omitted) (courts have an " 'obligation to so construe federal statutes so that they are consistent with each other' "); *United States v. Godfrey,* 651 F.Supp. 869, 871 (N.D.Ala.1986) (in construing the relationship between Rules 11 and 35(b), the court noted that rules "shall be presumed not to contradict each other if a consistent interpretation is possible"). Moreover, "penal statutes and rules are to be construed in favor of the criminally accused, and any ambiguity is to be resolved in his favor." *Id.* at 871; *accord Chatman,* 869 F.2d at 527 (penal statutes are "to be strictly construed in favor of the accused"); *United States v. Gilbert,* 813 F.2d 1523, 1526 (9th Cir.1987) (same).[2] Nonetheless, because Congress in enacting Rule 11(e)(3) intended to protect prosecutors' bargains, we conclude that Rule 35(b) permits a district court to reduce a sentence imposed pursuant to an accepted Rule 11(e)(1)(C) agreement only in those exceptional cases where the sentence is plainly unjust or unfair in light of the information the district court received after sentencing the defendant.[3]

■ Although we hold that the district court erred in concluding that a district court never has the authority under Rule 35(b) to reduce a sentence entered pursuant to a Rule 11(e)(1)(C) plea agreement, we

2. The government's argument that this Circuit's decisions in *United States v. Stevens,* 548 F.2d 1360 (9th Cir.1977), and *United States v. Partida–Parra,* 859 F.2d 629 (9th Cir.1988), support its interpretation of Rules 11 and 35(b) is unpersuasive. The court in *Stevens* held only that a district court may use rule 35(a) to correct a sentence which was imposed in violation of rule 11(e)(3); the court in *Partida–Parra* held only that a district court does not have the authority, on the government's motion, to set aside a plea agreement accepted by the court. Neither *Stevens* nor *Partida–Parra* addresses the relationship between Rule 11 and Rule 35(b). Moreover, the court in *Partida–Parra* explained its holding by pointing out that "no provision of the Federal Rules expressly contemplates government motions to set aside a plea" and

"[w]hile Rule 32(d) allows the defendant to move for withdrawal of a guilty plea, for 'any fair and just reason,' neither that nor any other rule allows the government to make a similar motion." 859 F.2d at 632–33. By contrast, an explicit provision of these rules, Rule 35(b), expressly contemplates defendants' motions to reduce sentences.

3. Since the version of Rule 35(b) which governs offenses committed *after* November 1, 1987 provides for reductions of sentences *only upon government motion,* the government would not (and could not) complain about a district court which reduces a sentence pursuant to this version of Rule 35(b).

affirm the district court's denial of Semler's Rule 35(b) motion. *See Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir.1986) ("In reviewing a district court decision we may affirm on any ground finding support in the record."). Semler's case is not one of those exceptional cases that would warrant a district court's reduction of a sentence entered pursuant to a Rule 11(e)(1)(C) agreement. Semler has not pointed to any information which would lead one to conclude that his three year term is plainly unjust or unfair. Instead, Semler has proposed a highly advantageous "deal" which would free him from prison in return for funding, developing, and supervising a program. The mere fact that Semler has the funds to undertake such a project should not allow him to avoid his obligation under the plea agreement.[4]

We affirm the district court's denial of Semler's Rule 35(b) motion.

**4.** Semler also argues that his proposed modification in his sentence is consistent with the terms of his plea agreement. The plea agreement states that Semler will receive a sentence of three years in custody; Semler argues that, since probation is a form of custody, the agreement does not require him to serve any time in prison. This argument is meritless. If Semler had meant to agree only to a sentence of probation, he would have required the agreement to specify probation or in the very least would have objected when the judge ordered him incarcerated.