**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roman A. FERNANDEZ,
Defendant–Appellant.**

**No. 91–10023.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 26, 1991.*

Memorandum Dec. 10, 1991.

Order and Amended Opinion
March 18, 1992.

Howard Trapp, Agana, Guam, for defendant-appellant.

Karon V. Johnson, Asst. U.S. Atty., Agana, Guam, for plaintiff-appellee.

Before: HUG, POOLE and CANBY, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## ORDER

The memorandum for this case filed December 10, 1991 is redesignated a *per curiam* opinion.

## OPINION

### PER CURIAM:

Roman A. Fernandez appeals his conviction following entry of a guilty plea to importation of cocaine, in violation of 21 U.S.C. §§ 952, 960. Fernandez contends the district court erred by stating that it was accepting a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C) but nonetheless rejecting the specific prison term agreed to by the parties. We have jurisdiction under 28 U.S.C. § 1291 and we reverse the conviction and remand to allow Fernandez to withdraw his guilty plea or to permit the district court to accept the plea agreement in its entirety and sentence Fernandez accordingly.[1]

■ We review *de novo* a district court's interpretation of the law. *United States v. Semler*, 883 F.2d 832, 833 (9th Cir.1989). We review for clear error a district court's construction of a plea agreement. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990).

■ "Plea agreements are subject to contract-law standards of interpretation." *United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir.1986) (citing *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979)), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). To determine whether a sentence complies with the terms of a plea agreement, we look to what was reasonably understood by the defendant when he entered his plea. *Id.*

The plea agreement in the instant case was made "[p]ursuant to Rule 11(e)(1)(C)." Plea Agreement at 1. The plea agreement contained five paragraphs detailing the government's and Fernandez's obligations. Paragraph Five provided:

The parties agree that, with respect to the imposition of a term of imprisonment, a sentence of not more than six (6) years is the appropriate disposition of this case. This sentence is within the sentencing guidelines. If the defendant does not cooperate as set forth in paragraphs 2, 3, and 4, this agreement shall be deemed null and void.

Plea Agreement at 4, ¶ 5. Paragraphs Two, Three, and Four required Fernandez to cooperate with the government in uncovering further criminal activities by Fernandez and others and also required the forfeiture of Fernandez's ill-gotten gains.

At sentencing, the government took the position that Fernandez had failed to live up to his obligation to cooperate under the plea agreement and that this failure rendered Paragraph Five, but not the entire plea agreement, null and void. Based on this interpretation, the government recommended a sentence in excess of the six year maximum provided for in Paragraph Five of the plea agreement. The district court accepted this reasoning, finding:

> We have a plea agreement. In other words, all that is being declared null and void is—see, this plea agreement is made up of different agreements, like paragraph one is an agreement on the part of the defendant to enter a plea of guilty; paragraph two is an agreement on the part of the defendant to cooperate; paragraph three is an agreement on the part of the defendant relative to forfeiture....
>
> The court accepted the entire plea agreement, but what the court is doing now, because of the violation of paragraphs two and three, lack of cooperation, that this particular plea agreement under five is declared null and void.

After this declaration, Fernandez attempted to withdraw his plea pursuant to U.S.S.G. § 6B1.3. The district court denied the motion, emphasizing again that "the court accepted the plea agreement in its

---

**1.** Because we reverse Fernandez's conviction, we do not address his contention that the district court erred by denying him a downward adjustment in his Guidelines sentencing range for acceptance of responsibility.

entirety." Fernandez was then sentenced to 78 months imprisonment.

 The district court clearly erred in its interpretation of the plea agreement. The plea agreement was specifically designated as one made "pursuant to Rule 11(e)(1)(C)." When a plea agreement is made pursuant to Fed.R.Crim.P. 11(e)(1)(C), the trial court may accept or reject the agreement, but, absent exceptional circumstances, it may not accept the defendant's guilty plea and impose a sentence greater, *United States v. Herrera*, 640 F.2d 958, 960 n. 2 (9th Cir.1981) (dictum); *United States v. Burruezo*, 704 F.2d 33, 38 (2d Cir.1983), or less severe, *Semler*, 883 F.2d at 833, than that agreed upon.[2] The Guidelines provide that, "[i]f a plea agreement pursuant to ... Rule 11(e)(1)(C) is rejected, the court shall afford the defendant an opportunity to withdraw the defendant's guilty plea." U.S.S.G. § 6B1.3; *see also* Fed.R.Crim.P. 11(e)(4).

 Here, the district court purported to accept the plea agreement as a whole but rejected the provision establishing the specific sentence which was considered by the parties as the appropriate disposition of the case. At the time Fernandez entered his guilty plea, however, the district court made sure Fernandez understood that, "[t]he plea agreement entered by you and the Unite[d] States is made pursuant to the provision of Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, which provides for an appropriate sentence." Logically, the district court could not both accept the plea agreement made pursuant to Rule 11(e)(1)(C), which calls for a specific sentence, and reject the sentencing provision of that agreement. In this case, Fernandez could only have reasonably understood Paragraph Five of the plea agreement to mean that if he failed to live up to his end of the bargain, the entire plea agreement would be null and void. *Cf. Kamer*, 781 F.2d at 1388 (Reasonable understanding of parties to plea agreement is that probation is understood to be a sentence; therefore, addition of probation term to term of imprisonment violated Rule 11(e)(1)(C) plea agreement).

Therefore, the district court erred by failing to either accept the plea agreement and sentence Fernandez accordingly or to reject the plea agreement and allow Fernandez to withdraw his guilty plea. *See* U.S.S.G. § 6B1.3; Fed.R.Crim.P. 11(e)(1)(C), 11(e)(4); *United States v. Serrano*, 938 F.2d 1058, 1061 (9th Cir.1991).

REVERSED and REMANDED.

---

**2.** Under Fed.R.Crim.P. 11(e) there are three categories of plea agreements: an agreement that moves for the dismissal of other charges (Rule 11(e)(1)(A)); an agreement that makes a recommendation or agrees not to oppose the defendant's request for a particular sentence with the understanding that such a recommendation or request shall not be binding upon the court (Rule 11(e)(1)(B)); and an agreement that a specific sentence is the appropriate disposition of the case (Rule 11(e)(1)(C)).