**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Karil MUKAI, Defendant–Appellee.**

**No. 92–30463.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1994.

Decided June 8, 1994.

David T. Shelledy, Asst. U.S. Atty., Crim. Div., Washington, DC, for plaintiff-appellant.

Jeffrey D. Cohen and Karen O'Shea, Browne & Ressler, Seattle, WA, for defendant-appellee.

Before: HUG, HALL and THOMPSON, Circuit Judges.

Opinion by Judge CYNTHIA HOLCOMB HALL.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The government appeals Karil Mukai's sentence and the district court's refusal to allow it to withdraw from its plea agreement. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the questions of law presented in this appeal, *see United States v. Fernandez,* 960 F.2d 771, 772 (9th Cir.1992), and reverse and remand for resentencing.

I

Karil Mukai entered into a plea agreement with the government whereby she agreed to enter pleas of guilty to Counts I and II of the indictment. In return, the government agreed to (1) dismiss Count III of the indictment, (2) not prosecute Mukai for other drug-related offenses, including her "bail jumping," and (3) not seek forfeiture of Mukai's parent's home, which she had pledged to secure her release on bond before she jumped bail.

With regard to Mukai's sentence, the agreement provided:

7. Further, pursuant to Rule 11(e)(1)(C), the parties agree that the appropriate disposition of this case shall include imprisonment for not less than five (5) years and not more than seven (7) years. If the Court, after reviewing a presentence report determines to sentence the defendant to less than five (5) years, then the United States shall be afforded an opportunity to withdraw from this plea agreement; if the Court determines to sentence the defendant to more than seven (7) years, then the defendant shall be afforded an opportunity to withdraw her plea of guilty.

8. Finally, if the defendant's cooperation and truthful testimony is of substantial assistance in the investigation and/or prosecution of others, the Government will file with the Court a motion pursuant to Sec-

tion 5K1.1 of the Sentencing Guidelines permitting the Court to sentence the defendant to less than the otherwise applicable guideline range and within the range contemplated by the plea agreement.

Finding that Mukai had provided substantial assistance, the government filed a motion pursuant to § 5K1.1 permitting the district court to depart from the otherwise applicable guideline range. The district court departed downward and sentenced Mukai to five years of probation, a sentence substantially less than the minimum sentence of five years of imprisonment set forth in the plea agreement.

Relying on paragraph 7 of the plea agreement, the government moved to withdraw from the agreement, but the district court denied the government's request. The government appeals the district court's sentencing decision and its refusal to allow the government to withdraw from the agreement.

## II

■ Rule 11(e) of the Federal Rules of Criminal Procedure describes three categories of plea agreements: an agreement that moves "for dismissal of other charges," Fed. R.Crim.P. 11(e)(1)(A); an agreement that makes a recommendation or contains an agreement "not to oppose the defendant's request[ ] for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court," *id.* 11(e)(1)(B); and an agreement that "a specific sentence is the appropriate disposition of the case," *id.* 11(e)(1)(C). The court may "accept or reject" a plea agreement of "the type specified in subdivision (e)(1)(A) or (C)." *Id.* 11(e)(2). If the district court accepts the plea agreement, then the court's judgment and sentence shall embody the disposition provided for in the plea agreement. *Id.* 11(e)(3). The rules contain no provision for the district court to modify a Rule 11(e)(1)(C) plea agreement, such as Mukai's agreement, and this court has stated that

"Rule 11(e)(3) prohibits a district court from sentencing a defendant to a sentence less severe than that provided for in the plea agreement accepted by the court." *United States v. Semler,* 883 F.2d 832, 833 (9th Cir.1989).

Despite the general prohibition against modifying Rule 11(e)(1)(A) or (C) plea agreements, the district court, relying on our decision in *United States v. Fernandez,* 960 F.2d 771 (9th Cir.1992) (per curiam), nonetheless concluded that in this circuit the general rule will give way in a case presenting "exceptional circumstances." In *Fernandez,* we stated that:

> When a plea agreement is made pursuant to Fed.R.Crim.P. 11(e)(1)(C), the trial court may accept or reject the agreement, but, *absent exceptional circumstances,* it may not accept the defendant's guilty plea and impose a sentence greater, *United States v. Herrera,* 640 F.2d 958, 960 n. 2 (9th Cir.1981) (dictum); *United States v. Burruezo,* 704 F.2d 33, 38 (2d Cir.1983), or less severe, *Semler,* 883 F.2d at 833, than that agreed upon.

960 F.2d at 773 (emphasis added).

Neither *Fernandez* nor the first two cases cited in support of this proposition, *Herrera* and *Burruezo,* discuss exceptional circumstances. The phrase therefore apparently refers to a standard announced in *Semler,* the third cited decision. In *Semler,* we suggested that in an "exceptional case" the district court, after initially sentencing a defendant, may reduce the sentence in response to a Rule 35(b) motion.[1] *Semler,* 883 F.2d at 835. Thus, absent a Rule 35(b) motion, the law in this circuit has not previously recognized "exceptional circumstances" as a basis for disregarding the sentence contained in a plea agreement under Rule 11(e)(1)(C).

Moreover, there exists no reason to implement such an exception. The time for the court to evaluate whether the impact of exceptional circumstances renders the agreement inappropriate is prior to acceptance

---

1. The version of Rule 35(b) currently in effect provides only for motion by the government. The *Semler* court interpreted an earlier version of Rule 35(b) which countenanced a motion to reduce the sentence filed by the defendant.

The court described an "exceptional case" as one "where the sentence is plainly unjust or unfair in light of the information the district court received *after* sentencing the defendant." *Semler,* 883 F.2d at 835 (emphasis added).

and, as the court explained in *Semler*, if the court later finds the disposition in the plea agreement objectionable it "should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial." *Semler*, 883 F.2d at 835. The district court erred in concluding "exceptional circumstances" might justify disregarding the terms of the plea agreement that it had accepted.

■ Mukai offers an alternative basis for affirming her sentence. Relying on the general proposition that "[i]n section 5K1.1 departures ... the government has no control over the extent of the departure," *United States v. Udo*, 963 F.2d 1318, 1319 (9th Cir. 1992), Mukai argues that the government's § 5K1.1 motion gave the district court the authority to depart downward as much as it deemed appropriate without regard for the terms of the agreement.

The Second Circuit has considered the conflict between the sentencing court's usual discretion to determine the appropriate extent of departure in response to a § 5K1.1 motion and the binding effect of sentencing limitations imposed by an accepted plea agreement under Rule 11(e)(1)(C). In *United States v. Cunavelis*, 969 F.2d 1419 (2d Cir.1992), the government and defendant entered into a plea agreement providing that the government would make a motion for downward departure pursuant to § 5K1.1. *Cunavelis*, 969 F.2d at 1421. The agreement limited the downward adjustment, however, by providing "that the final guideline offense level as found by the Court be reduced by four levels and that the defendant be sentenced within the corresponding guideline range." *Id.* At sentencing, defendant argued that the district court nevertheless had discretion to depart further because it was not a party to the agreement. *Id.* The district court rejected this argument, holding that Rule 11(e)(1)(C) required it to implement the parties' agreement. *Id.* Accordingly, the district court limited the departure to four levels.

The Second Circuit agreed with the district court. Relying in large part on this circuit's decisions in *Semler* and *Fernandez*, the Second Circuit concluded that the dictates of Rule 11, which do not authorize the district court to modify a plea agreement, trump the discretion afforded a district court under § 5K1.1. In reaching this conclusion, the court cited the guidelines, which state that "[t]he rules set forth in Fed.R.Crim.P. 11(e) govern the acceptance or rejection of [plea] agreements." *Cunavelis*, 969 F.2d at 1422 (citing U.S.S.G. Ch. 1, Pt. A., intro. comment 4(c) (Nov. 1991)). Further support was found in the history of Rule 11's adoption:

The version of 11(e)(3) proposed by the Supreme Court in 1974 stated that "the court shall inform the defendant that it will embody in the ... sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement." The House Judiciary Committee then deleted the language "or another disposition more favorable to the defendant than that provided for in the plea agreement," and the House affirmed the committee's action by rejecting on the floor an amendment offered to restore the Supreme Court's version of the rule. The Senate accepted the House's version of the rule.

By deleting the Supreme Court's "more favorable to the defendant" language, Congress evidenced its intent to require a district court to sentence a defendant in accordance with the plea agreement.

*Id.* at 1422–23 (quoting *Semler*, 883 F.2d at 833–34) (citations omitted).

We find the reasoning of *Cunavelis* persuasive. Moreover, accepting Mukai's argument would require the district court to ignore a portion of the agreement while respecting the balance. The court does not have such authority. *See Fernandez*, 960 F.2d at 773 (court erred in rejecting one paragraph of plea agreement rather than either accepting or rejecting entire agreement). If the court did not find the terms of paragraph 7 appropriate, its only option was to reject the agreement in its entirety. Accordingly, we remand the case to the district court with instructions either to accept the

plea agreement and abide by its terms or reject the agreement and afford the government and Mukai the opportunity to renegotiate an agreement.

REVERSED AND REMANDED.