43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Bobbie MARSHALL, Defendant-Appellee.
 No. 94-50196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals the 54-month sentence imposed on Bobbie Marshall following his guilty plea pursuant to a written plea agreement, which provided for a specific sentence of 108 months. The government argues that the district court erred by imposing a sentence less severe than that specified in the plea agreement and by dismissing sua sponte the remaining counts. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(b), (c) and review de novo. United States v. Semler, 883 F.2d 832, 833 (9th Cir.1989). We reverse and remand.
 
 
 3
 When parties enter a plea agreement which contemplates a specific sentence pursuant to Fed.R.Crim.P. 11(e)(1)(C), the court may either accept or reject that agreement but may not modify the sentence provided in the agreement. United States v. Mukai, 26 F.3d 953, 955 (9th Cir.1994); Semler, 883 F.2d at 833.
 
 
 4
 Here, the plea agreement expressly stated that the parties intended it to be a Rule 11(e)(1)(C) agreement and set the appropriate sentence at 108 months. Thus, the district court's sole recourse, given its expressed dissatisfaction with the justice of the sentence, was to reject the agreement. See Mukai, 26 F.3d at 956 ("If the court did not find the terms ... appropriate, its only option was to reject the agreement in its entirety.").
 
 
 5
 In defense of the sentence, Marshall asserts that Mukai changed the law by eliminating the exceptional circumstances exception and thus the decision should not apply retroactively. We disagree because Mukai merely restated the rule: "absent a Rule 35(b) motion, the law in this circuit has not previously recognized 'exceptional circumstances' as a basis for disregarding the sentence contained in a plea agreement under Rule 11(e)(1)(C)." See id. at 955. Also, retroactivity of criminal decisions is the rule, unless applying the decision produces a substantially inequitable result. United States v. Ramirez-Jiminez, 967 F.2d 1321, 1329 (9th Cir.1992). Because Semler, a 1989 decision, also forbade the court from unilaterally altering a sentence in a Rule 11(e)(1)(C) agreement, no substantial inequity incurs from applying the rule here.
 
 
 6
 We also reject Marshall's argument that the district court had the power to reduce the sentence because the agreement did not specify that the government could withdraw from the agreement if the court imposed a lighter sentence. "A district court which unilaterally reduces the sentence provided for in an accepted plea agreement deprives the prosecutor of the 'benefit of his bargain.' " Semler, 883 F.2d at 834.
 
 
 7
 Finally, we reject Marshall's assertion that the court had the authority to modify the sentence because it found that the parties were unable to negotiate a fair sentence. While the court's finding may portend the unlikely success of further negotiations between the parties, it does not vitiate the binding character of the agreed upon sentence once the court accepted the Rule 11(e)(1)(C) agreement. See Mukai, 26 F.3d at 956.
 
 
 8
 Consequently, we must reverse the sentence imposed here. To restore the status quo between the parties, we also reverse the district court's order dismissing the remaining counts. We remand to the district court with instructions either to accept the plea agreement and abide by its terms or to reject the agreement and afford the government and Marshall the opportunity to renegotiate an agreement. See id. at 956-57.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3