61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael John MAHAN, Sr., Defendant-Appellant.
 No. 94-50110.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 19, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mahan appeals from the sentence imposed upon him pursuant to the Sentencing Guidelines.
 
 
 4
 Before reaching the merits of Mahan's appeal, however, we must consider the government's contention that Mahan has waived his right to appeal in his plea agreement.
 
 
 5
 The plea agreement provides, in relevant part:
 
 
 6
 [Y]ou knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, so long as your sentence is within the statutory maximum specified above and does not represent an upward departure from the sentencing guidelines.
 
 
 7
 We have held such waivers to be valid and enforceable. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991). Accordingly, it would appear that Mahan has waived his right to appeal that which he seeks to appeal here -- "the manner" in which the district court determined his sentence.
 
 
 8
 Mahan argues that the waiver has been nullified by (1) the government's breach of the plea agreement; and (2) the district court's refusal to accept the waiver provision.
 
 
 9
 We reject Mahan's contention that the government's failure to recommend a downward departure for acceptance of responsibility constituted a breach of the terms of the agreement.[1] Under the terms of the plea agreement, the government
 
 
 10
 agree[d] to recommend a two-point reduction in the applicable sentencing guideline offense level ... if you demonstrate an acceptance of responsibility for this offense by virtue of your conduct up to and including the time of sentencing.
 
 
 11
 In determining whether a plea agreement has been breached, "courts look to what was reasonably understood by the defendant when he entered his plea of guilty." United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.) (quotations omitted), cert. denied, 479 U.S. 819 (1986). The plea agreement clearly states that the government will recommend a downward departure for acceptance of responsibility only if Mahan manifested such acceptance "up to and including the time of sentencing." In light of such language, Mahan should have expected that his conduct at sentencing -- which included both oral and written contentions of innocence[2] -- would be relevant to the government's decision to recommend a reduction in sentence. Mahan fails to convince us that the government has breached the terms of the plea agreement.
 
 
 12
 Mahan's contention regarding the district court's rejection of the waiver provision is similarly unavailing. Rule 11(e) of the Federal Rules of Criminal Procedure defines the role of the court in the plea agreement process. Pursuant to Rule 11, if the plea agreement is one in which the prosecution agrees to dismiss other charges against the defendant, such as the agreement in this case, the court has three options: "the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report."
 
 
 13
 "[T]he district court is not authorized to go beyond the confines of Rule 11 in accepting or rejecting plea agreements." United States v. Partida-Parra, 859 F.2d 629, 632 (9th Cir. 1988). Nothing in Rule 11 permits the district court to accept a guilty plea but modify the plea agreement. See United States v. Fernandez, 960 F.2d 771, 773 (9th Cir. 1991) (district court erred in rejecting one paragraph of the plea agreement rather than accepting or rejecting entire agreement); see also United States v. Skidmore, 998 F.2d 372, 375 (6th Cir. 1993) ("Nothing in [Rule 11] even remotely allows the district court to accept a guilty plea but rewrite the plea agreement ..."). Although the district court remarked that "[t]he plea agreement ... is not binding on this court nor do I accept [the waiver] provision of it," the court's remarks do not vitiate the effect of Mahan's waiver of his right to appeal in his plea agreement.
 
 
 14
 Because Mahan has waived his right to appeal his sentence, his conviction is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The government argues that Mahan failed to object at the time of sentencing and thus has waived his right to raise the issue of the alleged breach for our review. The record indicates, however, that Mahan's counsel indeed sought to object at sentencing; in response to such objection, the court assured counsel that it would not entertain the government's argument and counsel accordingly did not continue his objection
 
 
 [2]
 The sentencing court described these contentions as "virtual repudiations of [Mahan's] admission in connection with the plea []."