September 11, 1995 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 94-1954 

 UNITED STATES,

 Appellee,

 v.

 FREDERICK J. BONAMO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge] 

 

 Before

 Cyr, Boudin and Lynch,
 Circuit Judges. 

 

Frederick J. Bonamo on brief pro se. 
Colleen M. Rooney on brief for appellant. 
Donald K. Stern, United States Attorney, and Michael J. Pelgro, 
Assistant United States Attorney, on brief for appellee.

 

 

 Per Curiam. Defendant Frederick J. Bonamo appeals 

his sentence under the Sentencing Guidelines. He was

sentenced to nine years imprisonment and three years

supervised release following a valid plea agreement. This

agreement, made under Fed. R. Crim. P. 11(e)(1)(C), included

a specific sentence of 10 years incarceration and three years

supervised release, and provided that the government would

move to dismiss a pending indictment. As a result of the

agreement, defendant pled guilty to an information charging

him with violating 18 U.S.C. 922(d)(3) and 18 U.S.C. 371.

By so doing, he avoided going to trial on the indictment

which would have exposed him to a 15-year mandatory minimum

sentence under the Armed Career Criminal Act, 18 U.S.C. 

924(e). The government argues that defendant's appeal is

barred by 18 U.S.C. 3742(c)(1).

 A defendant may appeal a final sentence pursuant to

 3742(a). When a defendant agrees to a negotiated plea that

contains a specific sentence, however, 3742(c)(1) provides

that he or she "may not file a notice of appeal under

paragraph (3) or (4) of subsection (a) unless the sentence

imposed is greater than the sentence set forth in such

agreement. . . ."1 Obviously, defendant's sentence is lower

  

1. Section 3742(a)(3) permits a defendant to appeal a
sentence greater than the applicable guideline range and 
3742(a)(4) permits the appeal of a plainly unreasonable
sentence for an offense for which there is no guideline.

than the 10-year sentence stated in the plea agreement. We

therefore have no jurisdiction to review this sentence.2

See United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th 

Cir. 1994).

 Defendant attempts to avoid the ban contained in 

3742(c) by arguing that his sentence was imposed in violation

of the law or as the result of an incorrect application of

the sentencing guidelines -- appeals permitted by 

3742(a)(1) and (a)(2) respectively. His claim is premised on

the fact that his sentence represents an upward departure

from the guideline range for the offenses to which he pled

guilty. Specifically, he contends that the district court

erred in basing the enhanced sentence on convictions as to

which he had had his civil rights restored pursuant to 18

U.S.C. 921(a)(20) (a "conviction . . . for which a person .

. . has had civil rights restored shall not be considered a

conviction"). We reject this argument for the following

reasons.

  

2. The government could have filed an appeal because the
sentence is lower than the one to which it had agreed. 18
U.S.C. 3742(c)(2). See, e.g., United States v. Mukai, 26 
F.3d 953 (9th Cir. 1994) (government appealed the refusal by
the district court to allow it to withdraw from a plea
agreement when the court imposed a sentence lower than that
contained in the agreement); United States v. Skidmore, 998 
F.2d 372 (6th Cir. 1993) (government appealed the district
court's imposition of a sentence which did not order
forfeiture as the parties had specified). Because the
government does not pursue an appeal, however, we need not
address the correctness of the sentence in this case.

 -3-

 First, no matter how defendant phrases this issue,

it still concerns an appeal of a sentence within 3741(a)(3)

-- that is, one that is "greater than the sentence specified

in the applicable guideline range." The fact is that

defendant received the benefit of his bargain and avoided the

possibility of a 15-year sentence. "This is precisely the

type of appeal which is barred by 18 U.S.C. 3742(c)(1)."

Prieto-Duran, 39 F.3d at 1120 (where a sentence is within the 

plea agreement, no appeal will lie even though the sentence

is an upward departure from the guideline range).

 Second, the plea agreement provided for an upward

departure on the ground that defendant's criminal history

category under the Guidelines did not adequately reflect the

seriousness of his past criminal conduct. The parties thus

agreed to an upward departure based on 4A1.3:

 If reliable information indicates that
 the criminal history category does not
 adequately reflect the seriousness of the
 defendant's past criminal conduct or the
 likelihood that the defendant will commit
 other crimes, the court may consider
 imposing a sentence departing from the
 otherwise applicable guideline range.

Such information includes "prior sentence(s) not used in

computing the criminal history category." 4A1.3(a).

 Defendant's argument is premised on the definition

of a conviction contained in 921(a)(20) and referred to in

U.S.S.G. 2K2.1 (calculating the base offense level for

firearms violations). The problem with this position is that

 -4-

 4A1.3 is not limited to "past convictions." Rather, it

refers to "past criminal conduct." Certainly, defendant's 

past convictions are evidence of criminal conduct. Moreover,

there is nothing in the Guidelines or elsewhere which

indicates that the kind of criminal conduct a court may

consider under 4A1.3 is restricted in the way defendant

suggests. Thus, the district court did not err in the

calculation of the upward departure defendant received.

 Defendant's other claim is that the district court

failed to state with sufficient specificity the grounds for

the upward departure as required by 18 U.S.C. 3553(c)(2).

We disagree. First, the plea agreement obligated the

district court to enhance defendant's sentence and the

agreement specified the reason for the upward departure --

defendant's criminal history category did not adequately

reflect the seriousness of his past criminal conduct or the

likelihood that he would continue to commit crimes. The

district court not only iterated this at the sentencing

hearing, but also observed that defendant often ended up back

in prison after being released, that the absence of criminal

activity usually was because defendant was incarcerated and

that there were other criminal charges currently pending

against defendant. We believe that this is a "reasoned

justification" for its decision and plainly is adequate for

appellate review. See United States v. Emery, 991 F.2d 907, 

 -5-

913 (1st Cir. 1993) (the district court need not explain in

"mathematical or pseudo-mathematical terms each microscopic

choice made in arriving at the precise sentence"). Further,

it is obvious from the record as a whole in this case why the

court ordered an upward departure. See United States v. 

Quinones, 26 F.3d 213, 219 (1st Cir. 1994) (we will uphold a 

departure decision where "an explanation can fairly be

implied from the record as a whole").

 The judgment of the district court is summarily 

affirmed. See Local Rule 27.1. 

 -6-