86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Albert BEDONIE, Defendant-Appellee.
 No. 95-10164.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1996.
Decided May 28, 1996.
 
 Before: ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals Albert Bedonie's sentence and the district court's refusal to allow it to withdraw from its plea agreement. The government contends that the district court erred in sentencing Bedonie to a term less severe than the stipulated term in the plea agreement without allowing the government to withdraw from the plea agreement. We reverse and remand to the district court.
 
 
 3
 * On December 31, 1993, Bedonie shot and killed two of his brothers-in-law. After the killings, Bedonie drove to a police station and surrendered.
 
 
 4
 On January 25, 1994, Bedonie was indicted for two counts of first degree murder, pursuant to 18 U.S.C. §§ 1111 and 1153, and two counts of using a firearm in a crime of violence, pursuant to 18 U.S.C. § 924(c). On October 25, 1994, Bedonie pleaded guilty to two counts of second degree murder and one count of using a firearm in a crime of violence. In a written plea agreement, the parties stipulated to a sentence of not less than twenty nor more than twenty-five years incarceration.
 
 
 5
 With regards to the stipulated sentence, the plea agreement provided:
 
 2. Agreements Regarding Sentencing
 
 6
 (a) Pursuant to Fed.R.Crim.P. 11(e)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case:
 
 
 7
 (1) That the defendant receive a sentence of 20 to 25 years incarceration.
 
 
 8
 (b) If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant and/or the United States, in accordance with Fed.R.Crim.P. 11(e)(4), an opportunity to withdraw the guilty plea.
 
 
 9
 The presentence report ("PSR") suggested a sentence between nineteen and twenty-three and one-third years, which, if followed, would have allowed the district court to sentence Bedonie within the agreed range. The district court, however, calculated the appropriate sentencing range to be from sixteen years and three months to nineteen years. The district court granted Bedonie a two-level reduction for acceptance of responsibility, in opposition to the PSR's recommendation to the contrary, and rejected four grounds for upward departure suggested by the government. The district court sentenced Bedonie to sixteen years and four months, a sentence substantially less than the minimum sentence of twenty years set forth in the plea agreement.
 
 
 10
 Relying on paragraph 2(b) of the plea agreement and Federal Rule of Criminal Procedure 11(e)(3), the government moved to withdraw from the plea agreement. The district court denied the motion in a minute order dated March 14, 1995. The government appeals the sentence and the district court's refusal to allow it to withdraw from the agreement.
 
 II
 
 11
 Federal Rule of Criminal Procedure 11(e)(1) provides for three types of plea agreements. The government may "move for dismissal of other charges," Fed.R.Crim.P. 11(e)(1)(A), recommend or not oppose a defendant's request for a particular sentence, Fed.R.Crim.P. 11(e)(1)(B), or "agree that a specific sentence is the appropriate disposition of the case." Fed.R.Crim.P. 11(e)(1)(C). Bedonie's agreement with the government was of the type specified in subdivision (e)(1)(C).
 
 
 12
 The district court "may accept or reject" a subdivision (e)(1)(C) agreement, Fed.R.Crim.P. 11(e)(2), but it may not sentence "a defendant to a sentence less severe than that provided for in the plea agreement accepted by the court." United States v. Mukai, 26 F.3d 953, 955-56 (9th Cir.1994) (quoting United States v. Semler, 883 F.2d 832, 833 (9th Cir.1989)). If a district court finds the disposition in a plea agreement objectionable, it should reject the agreement. If the court has already accepted the agreement, it "should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial." Id. at 956 (quoting Semler, 883 F.2d at 835).
 
 
 13
 Although the facts of this case are almost identical to those in Mukai, Bedonie argues that Mukai does not apply. Bedonie argues that while the district court's sentence departs from the written plea agreement, the sentence does not depart from an oral modification of the agreement allegedly made by the government at the change of plea hearing. Bedonie argues that the following exchange between Ms. Murguia, the attorney for the government, and the district court orally modified the agreement between the parties:
 
 
 14
 MS. MURGUIA: The sentencing guideline without grounds for upward departure maybe less than the 20 to 25 years but we discussed that there's a very real possibility, which I think the presentence report will reflect, for upward departure on the basis of the general grounds for upward departure 5K2.0 [,] the upward departure grounds which is 5K2.1 or the extreme conduct upward departure, 5K2.8. I just wanted to--
 
 
 15
 THE COURT: So what if the probation officer determines that there are grounds for downward departure, conduct of the victims or aberrant behavior? I don't know, I'm not suggesting that those are possibilities--well, I'm asking you they may be possibilities, how does that affect the range that you have agreed to?
 
 
 16
 MS. MURGUIA: Well, I guess, of course, you know, that's the range that we've looked at. I anticipate that if there is that possibility, they would be outweighed by these other possibilities.
 
 
 17
 Bedonie argues that with this exchange, the government orally modified the plea agreement so that any sentence within the guideline range would be appropriate even if it did not come within the twenty to twenty-five years stipulated in the written agreement. We disagree. From this statement, no intention to modify the written agreement can be inferred, especially when the discussion between Ms. Murguia and the court is considered in full. Immediately preceding the discussion relied on by Bedonie, Ms. Murguia explained that "the agreements regarding sentencing ... [set] a range of 20 to 25 years and that means a ceiling of 25 years and a floor of 20...." Furthermore, immediately following the discussion relied on by Bedonie, the court and Ms. Murguia had the following exchange:
 
 
 18
 THE COURT: I see you mentioned the upward departure, I just needed to bring into play the possibility of a downward departure. At any rate, the range that you've agreed to is from 20 to 25 years, is that correct? That's what the plea agreement says.
 
 
 19
 MS. MURGUIA: That's correct, Your Honor.
 
 
 20
 When considered as a whole, the discussion between Ms. Murguia and the court in no way suggests that the government accepted an oral modification of the written plea agreement. The government merely reiterated the agreed range and explained to the court that an upward departure might be necessary to come within that range. The government did not agree that if the court decided to give a reduction for acceptance of responsibility and not to upwardly depart, that a sentence below twenty years would be acceptable.
 
 
 21
 Furthermore, there is no indication, after the exchange detailed above, that either Bedonie or the government thought an oral modification had been made to the written agreement. In fact, both parties made statements at the sentencing hearing that evidence an understanding that the written contract was not modified. Mr. Griffen, the attorney for Bedonie, stated:
 
 
 22
 We've stipulated to the range of punishment that the--we hope the Court will act within. We also hope that the Court will give us the lowest end possible within that range, reflecting the absolute aberrant nature of this behavior, the fact that Albert has a good record, and he is remorseful.
 
 
 23
 Ms. Murguia, in response to the district court's question of what would happen if the court sentenced Bedonie to a sentence less than twenty years, responded that "then we get to withdraw from the plea agreement...."
 
 
 24
 Considering the whole of the discussion between the district court and the attorneys for Bedonie and the government, there is no evidence that the written plea agreement was orally modified as argued by Bedonie. The district court could not properly sentence Bedonie to a term less severe than the sentence required by the written plea agreement. Mukai, 26 F.3d at 955-56.
 
 III
 
 25
 If the district court concluded that the sentence range provided by the written agreement was inappropriate, "its only option was to reject the agreement in its entirety." Id. at 956. We remand to the district court with instructions to either "accept the plea agreement and abide by its terms or reject the agreement and afford the government and [Bedonie] the opportunity to renegotiate an agreement." Id. at 956-57.
 
 
 26
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3