**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Carlos CERVANTES–VALENCIA, aka Carlos Cervantes, aka Carlos Valencia Cervantes, aka Carlos Diaz, Defendant–Appellee.**

**No. 02–50000.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Filed Feb. 25, 2003.

Ronald L. Cheng, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellant.

Elizabeth A. Newman (briefed), Carlton F. Gunn (argued), Deputy Federal Public Defenders, Los Angeles, CA, for the defendant-appellee.

Before PREGERSON, RYMER and McKEOWN, Circuit Judges.

PER CURIAM Opinion; Dissent by Judge PREGERSON.

## OPINION

PER CURIAM.

Carlos Cervantes–Valencia (Cervantes) pled guilty to two counts of illegal entry into the United States, 8 U.S.C. § 1325(a), and stipulated with the government to a sentence of thirty months pursuant to a binding plea agreement under Fed. R.Crim.P. 11(e)(1)(C). At his sentencing hearing, Cervantes advised the court that, before being transferred to federal custody, he had been in custody for ten months on a state parole violation for coming into the country illegally again. The district court accepted Cervantes's plea but sentenced him to twenty months' imprisonment on the footing that it was merely crediting Cervantes for time he had been held in state custody before being transferred to federal detention. The government appeals this sentence, arguing that the court was required to impose a sentence for the full thirty months specified in the parties' stipulation, or to put the parties back to square one. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we reverse and remand for further proceedings.

Rule 11(e)(1)(C) provides that the parties may:

agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case. Such a plea agreement is binding on the court once it is accepted by the court.

Once the district court accepts a plea pursuant to Rule 11(e)(1)(C), the court is bound by the agreed-upon sentence. *See United States v. Mukai*, 26 F.3d 953, 955 (9th Cir.1994); *United States v. Semler*, 883 F.2d 832, 833 (9th Cir.1989). Thus, it lacks discretion to impose a different sentence; if the court decides that a different sentence is required, approval of the plea agreement must be withdrawn and the parties must be returned to their pre-plea posture. *Mukai*, 26 F.3d at 955–56.

Consistent with Rule 11(e)(1)(C), Paragraph 9 of Cervantes's plea agreement provides:

> Defendant and the USAO [*i.e.,* the United States Attorney's Office] agree and stipulate pursuant to Fed.R.Crim.P. 11(e)(1)(C) that a sentence of 30 months imprisonment, to be followed by a one-year period of supervised release, and a mandatory special assessment of $110, is the appropriate sentence in this case.

Cervantes recognizes that this paragraph was binding on the district court once it accepted his guilty plea, but argues that the parties intended for the court to use supplementary information in fashioning a sentence. He points to Paragraph 12 of the plea agreement, which provides:

> The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the USAO are free to: (a) supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

According to Cervantes, Paragraph 12 impliedly gave the district court discretion to adjust the thirty-month sentence specified in Paragraph 9 on the basis of information submitted by the parties prior to sentencing or, at a minimum, Paragraph 12 creates ambiguity in this respect, which should be construed in Cervantes's favor. Otherwise, he submits, there is no reason for providing any such information to the court.

■ Paragraph 9 unambiguously calls for a sentence of thirty months, which is the maximum period of incarceration for conviction of two counts under § 1325(a). This thirty-month provision is expressed in categorical and unqualified terms, and we cannot accept Cervantes's claim that what the paragraph really means is "thirty months minus whatever time the court thinks should offset the sentence." Nor does Paragraph 12 support Cervantes's reading. That provision allows the parties to submit information to assist the court in deciding whether or not to *accept* the stipulated plea; it does not allow the district judge to modify the stipulated sentence once the plea agreement is accepted.

Alternatively, Cervantes argues that the parties were silent about how the court was to use the supplementary information. Therefore, in his view, the court had discretion to do what it wanted to based on the information that he furnished. Cervantes reasons that agreeing to a specified component of the sentence does not mean that the parties have agreed on other, unspecified components. He notes that until December 1, 1999 Rule 11(e)(1)(C) provided that the parties could "agree that a specific sentence is the appropriate disposition of the case," whereas since the Rule was amended as of that date it has spoken in terms of agreements about "a

specific sentence or sentencing range ... [or] a particular provision of the Sentencing Guidelines...." And he relies upon the Advisory Committee's indication that changes in the Rule were intended to recognize that the government and defense may "agree[ ] to specified components" of a sentence. Fed.R.Crim.P. 11 advisory committee's note (1999).[1]

We disagree that the 1999 amendment to Rule 11(e)(1)(C) has any relevance to the district court's authority to credit time served on a state sentence when imposing sentence pursuant to a Rule 11(e)(1)(C) plea. As the Advisory Committee notes make clear, the amendments were designed to rationalize a plea to a stipulated sentence with provisions of the Sentencing Guidelines that might otherwise be applicable. The guidelines are not implicated by Cervantes's sentence at all. This distinguishes his case from *United States v. Williams,* 260 F.3d 160 (2d Cir.2001), *cert. denied,* 535 U.S. 979, 122 S.Ct. 1458, 152 L.Ed.2d 398 (2002), and *United States v. Ginyard,* 215 F.3d 83 (D.C.Cir.2000) (Henderson, J., concurring), upon which he relies. *Williams* involved a Rule 11(e)(1)(C) plea agreement in which the parties had stipulated to a twenty-year sentence, without specifying whether it would run concurrent with an undischarged state sentence, as U.S.S.G. § 5G1.3(b) requires under certain circumstances. The Second Circuit held that "a district court is obligated to apply section 5G1.3(b) to Rule 11(e)(1)(C) plea bargains that are mute about how the sentence is to interact with an existing undischarged sentence." *Williams,* 260 F.3d at 165. In other words, even in the context of a stipulated plea agreement, the Sentencing Guidelines may provide default rules which apply, unless contradicted by the parties' agreement.

*Ginyard* is to the same effect. There, supervised release was at issue and the concurring opinion expressed the view that "[i]f the plea agreement fails to address a specific provision of the Guidelines, particularly a mandatory one, the district court's acceptance of a Rule 11(e)(1)(C) plea agreement would not ... prohibit it from imposing the unaddressed 'component' of the sentence." *Ginyard,* 215 F.3d at 89.

Here, the district court did not apply any provision of the Sentencing Guidelines, and Cervantes does not suggest that any provision of the Sentencing Guidelines or any other set of default rules requires that his time in state custody be credited against his federal sentence.

As Cervantes and the government entered into a Rule 11(e)(1)(C) plea agreement that unambiguously stipulates to a thirty-month sentence, the sentencing court was required either to accept the

---

1. The Note states:

   Amendments have been made to Rule 11(e)(1)(B) and (C) to reflect the impact of the Sentencing Guidelines on guilty pleas. Although Rule 11 is generally silent on the subject, it has become clear that the courts have struggled with the subject of guideline sentencing vis a vis plea agreements, entry and timing of guilty pleas, and the ability of the defendant to withdraw a plea of guilty. The amendments are intended to address two specific issues.

   First, both subdivisions (e)(1)(B) and (e)(1)(C) have been amended to recognize that a plea agreement may specifically address not only what amounts to an appropriate sentence, but also a sentencing guideline, a sentencing factor, or a policy statement accompanying a sentencing guideline or factor.... Second, under an (e)(1)(C) agreement, the government and defense have actually agreed on what amounts to an appropriate sentence or have agreed to one of the specified components. The amendment also makes it clear that this agreement is binding on the court once the court accepts it. As is the situation under the current Rule, the court retains absolute discretion whether to accept a plea agreement.

plea and impose the thirty-month sentence or, "if [it] . . . finds the disposition in the plea agreement objectionable, it . . . should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial." *Mukai*, 26 F.3d at 956 (quoting *Semler*, 883 F.2d at 835). Accordingly, we reverse and remand to permit the district court to re-sentence Cervantes in conformity with his plea agreement, or to reject the plea agreement and place the parties in the posture that they were in before the plea was taken.

REVERSED and REMANDED.

PREGERSON, Circuit Judge, dissenting:

I respectfully dissent. The district court acted within its authority when it construed the plea agreement between Carlos Cervantes–Valencia and the government to encompass the ten months' imprisonment Cervantes–Valencia served in state prison for the same criminal conduct that underlies the federal offense to which he pled guilty. It is the role of the district court to construe ambiguous terms in a plea agreement. The district court should "enforce the literal terms of the plea agreement, but construe ambiguities in favor of the defendant." *United States v. Franco–Lopez*, 312 F.3d 984, 989 (9th Cir.2002) (citing *United States v. Quach*, 302 F.3d 1096, 1100–01 (9th Cir.2002)) (internal cite omitted). In construing a plea agreement, the district court must decide what the "defendant reasonably believed to be the terms of the plea agreement at the time of the plea." *Id.*

Under paragraph 12 of the plea agreement, both parties were permitted to "supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court" before sentencing. At sentencing, the district court could reasonably have read paragraph 12 to mean that the parties intended that the court could construe the plea agreement in light of additional information supplied by the parties before sentencing. Otherwise there would be no point in furnishing supplemental information to the court.

The district court's construction of the plea agreement did not disturb the bargain between the parties.[1] Under the district court's reading of the agreement, Cervantes–Valencia still served thirty months' imprisonment for his offenses.

Accordingly, I dissent.

---

1. Contrary to the majority's suggestion, the district court's decision did not contradict *United States v. Mukai*, 26 F.3d 953, 955 (9th Cir.1994), because the district court did not "modify" the sentence by departing upward or downward from Cervantes–Valencia's sentence, but instead construed the agreement to encompass the time Cervantes–Valencia served for the same criminal conduct.