**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Saul BARAJAS–PEREZ, a/k/a Sol Gilberto Beltran, Defendant— Appellee.**

**No. 03–50516.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Nancy B. Spiegel, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM **

The government appeals the 24–month sentence imposed on Saul Barajas–Perez

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

following his guilty plea conviction for two counts of improper entry by an alien, in violation of 8 U.S.C. § 1325. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see United States v. Mukai*, 26 F.3d 953, 954 (9th Cir.1994), and we vacate the sentence and remand.

The government contends that remand is required to allow the district court either to accept or to reject the parties' plea agreement, which included a stipulated 30-month sentence pursuant to Fed.R.Crim.P. 11(c)(1)(C). We agree. *See* Fed. R.Crim.P. 11(c)(1)(C) (stating that if the parties agree to a specific sentence under this subsection "such a recommendation or request binds the court once the court accepts the plea agreement"). Accordingly, we vacate the sentence and remand to permit the district court either to accept the plea agreement and resentence Barajas–Perez in conformity with the agreement, or to reject the plea agreement. *See United States v. Cervantes–Valencia*, 322 F.3d 1060, 1063–64 (9th Cir.2003) (per curiam). If the district court chooses to reject the plea agreement, it must comply with the requirements of Fed.R.Crim.P. 11(c)(5), including advising Barajas–Perez that he has the right to withdraw from his guilty plea. *See Ellis v. United States Dist. Court*, 356 F.3d 1198, 1207 (9th Cir.2004) (en banc) (explaining that the district court's rejection of a plea agreement allows the defendant, not the court, to decide the status of the plea).

**VACATED and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.