MEMORANDUM *
Steven and Dixie Randock appeal their sentences imposed following their guilty pleas to conspiracy to commit wire and mail fraud, in -violation of 18 U.S.C. §§ 371, 1341, and 1343. The Randocks entered into Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements with materially identical terms that set out specific sentences of thirty-six months of imprisonment, followed by three years of supervised release. The agreements acknowledged, however, that the parties disagreed on the calculation of the sentencing guidelines range and would dispute whether the sentences should consist of home detention rather than incarceration. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Steven Randock’s sentence, but reverse and remand Dixie Randock’s case for further proceedings.
1. Both Randocks challenge the district court’s application of an eighteen-level increase in their offense levels pursuant to U.S.S.G. § 2B1.1, which allows for such enhancement if defendants’ fraud caused between $2.5 and 7 million in “loss.” U.S.S.G. § 2Bl.l(b)(l)(J). The Randocks assert that the court erred in using gain as an alternate measure of loss, arguing that their fraud caused no loss or that the gain does not reasonably reflect any loss. We disagree. The district court did not clearly err in finding that defendants’ sales of fraudulent academic credentials caused loss to consumers and employers in an amount that could not “reasonably ... be determined.” U.S.S.G. § 2B1.1 cmt. n. 3(B). The court therefore did not err in using “the gain that resulted from the offense as an alternative measure of loss” and increasing the Ran-docks’ offense levels accordingly. Id,.; see also United States v. Armstead, 552 F.3d 769, 778 (9th Cir.2008); United States v. Zolp, 479 F.3d 715, 719 (9th Cir.2007). Thus, even assuming that the guidelines calculation is relevant in the context of the court’s constrained sentencing discretion here, the court committed no reversible error in applying the eighteen-level enhancement.
2. Steven Randock argues that the district court erred in finding that he does not suffer from “an extraordinary physical impairment” and abused its discretion by declining to grant a downward departure from incarceration to home detention based on such impairment pursu *630 ant to U.S.S.G. § 5H1.4. See United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir.1993). We disagree. In light of the evidence before the district court, including the declarations of two Bureau of Prisons physicians that Steven could be adequately treated within the prison system and would not be among the most seriously impaired prisoners, we cannot say that the court clearly erred in finding Steven’s impairment not “extraordinary” or abused its discretion in sentencing him to a term of incarceration.
3. Finally, Dixie Randock challenges the district court’s imposition of a 240-hour community service requirement as a special condition of her supervised release term, arguing that the court lacked authority to impose a condition not agreed to in the Rule 11(c)(1)(C) plea agreement. Because Dixie did not object to this condition below, the “plain error” standard of review applies. See United States v. Vonn, 535 U.S. 55, 58-59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); United States v. Garcia, 522 F.3d 855, 860 (9th Cir.2008). “Plain error is ‘(1) error, (2) that is plain, and (3) that affects substantial rights.’ ” United States v. Hammons, 558 F.3d 1100, 1103 (9th Cir.2009) (quoting United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc)). “If these three conditions are met, the court may then exercise its discretion to grant relief if the error ‘seriously affects the fairness, integrity, or public reputation of judicial proceedings.’ ” Id.
When a defendant and the government enter into a Rule 11(c)(1)(C) plea agreement setting forth a specific sentence, the district court may accept the agreement or reject it, but “may not do so on a piecemeal basis.” In re Morgan, 506 F.3d 705, 709 (9th Cir.2007). If the court accepts the agreement, it is bound by the agreed upon recommendations. Fed. R.Crim.P. 11(c)(1)(C); see also United States v. Cervantes-Valencia, 322 F.3d 1060, 1062 (9th Cir.2003) (per curiam); United States v. Mukai, 26 F.3d 953, 956-57 (9th Cir.1994). Because the plea agreement here “bound [the court] by the ‘specific sentence’ of 36 months and the other terms agreed upon by the parties,” and because no community service condition was among those agreed upon terms, the court erred in imposing a community service condition.[1] Moreover, because the law binding courts to the terms of Rule 11(c)(1)(C) plea agreements is clear and well-established, such error was plain, see Ameline, 409 F.3d at 1078, and because “the condition would not have been imposed had the error not occurred, it necessarily affected substantial rights,” United States v. Barsumyan, 517 F.3d 1154, 1162 (9th Cir.2008). Finally, erroneous imposition of a sentencing condition seriously affects the fairness of judicial proceedings. See id.) United States v. Abbouchi, 502 F.3d 850, 858 (9th Cir.2007). In light of the importance of assuring that parties to a plea agreement receive the benefit of their bargain, and because the error was plain and affects substantial rights and procedural fairness, we remand for the district court either to remove the community service condition or to reject the plea agreement and afford Dixie Randock an opportunity to withdraw her plea. See Mukai, 26 F.3d at 956-957; Cervantes-Valencia, 322 F.3d at 1064.
No. 08-30308: AFFIRMED.
No. 08-30268: AFFIRMED in part; REVERSED and REMANDED in part.
*631 N.R. SMITH, dissenting only as to Part 3 of the Memorandum:
The parties entered into a Rule 11(c)(1)(C) plea agreement, agreeing to a three-year period of supervised release. This agreement specifically stated that “[t]he United States and the Defendant agree to recommend that the Court impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release.” The court imposed 240 hours of community service which was not included in the special conditions listed in the agreement. By statute, a court may impose community service as a discretionary condition of supervised release. See 18 U.S.C. §§ 3583(d)(3), 3563(b)(12).
On June 26, 2008, the Probation Office recommended that Randock “complete 240 hours of community service work, at the rate of not less than 20 hours per month at a not-for-profit site approved in advance by the supervising officer.” Randock never objected to this recommended condition of supervised release. On July 2, 2008, 2008 WL 2719002, Randock’s sentencing hearing was held. As part of the sentence, the court imposed the community service condition following the Probation Office’s recommendation. Randock once again failed to object to this condition of supervised. Further, Randock made no motion to withdraw her plea, since the court had imposed a “special condition” of release, not listed in and allegedly violating the Rule 11(c)(1)(C) plea agreement. At argument, counsel for Randock stated that withdrawal of her plea agreement is not being sought on appeal; rather, Randock asks this court only to strike this condition.
Randock cites no precedent outlining that the imposition of 240 hours of community service in these circumstances (1) is plain error (2) that it affects her substantial rights, or (3) or that it affects the fairness, integrity, or public reputation of judicial proceedings. The only precedent, where courts have found plain error in failing to follow Rule 11(c)(1)(C) agreements, occurs when the district court has significantly lengthened or significantly modified the sentence. See United States v. Gilchrist, 130 F.3d 1131 (3d Cir.1997) (finding plain error when the parties agreed to no supervised release and the district court imposed a twelve month period of supervised release), United States v. Mukai, 26 F.3d 953, 955 (9th Cir.1994) (finding plain error when the parties agreed to a sentence of five years imprisonment and the district court modified the sentence to five years probation, which was substantially less than the minimum sentence). Randock’s sentence was not significantly modified (as in Mukai), and it wasn’t lengthened at all.
This sentencing of community service (1) does not lengthen the period of the sentence or supervised release and (2) brought no objection from Randock and no motion to withdraw Randock’s plea for failure to abide by the Rule 11(c)(1)(C) agreement Therefore, this sentencing of community service cannot be said to have been error that “seriously affected the fairness, integrity, or public reputation of judicial proceedings” as required for disturbance of sentence under United States v. Davenport, 519 F.3d 940, 943 (9th Cir.2008). Accordingly, I dissent as to Part 3 of the Memorandum.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Indeed, the record reflects that community service was not a standard condition of supervised release, and thus was not part of the agreed upon terms. The judgment lists thirteen "standard conditions of supervision” and six additional "special conditions of supervision.” The community service requirement is listed among the "special conditions.”